**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**AKF, INC. D/B/A FUNDKITE,**

                                **Plaintiff,**

    v.                                            **1:21-CV-0928**
                                                            **(TJM/DJS)**

**AB CONVENIENCE CORP.**
**D/B/A CONVENIENT FOOD PLUS MART/**
**GOURMET DELI, and**
**AFEEF NASSER JABR ALMUGANAHI,**

                                  **Defendants**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION and ORDER

### I.     INTRODUCTION

Plaintiff AKF, INC. D/B/A FUNDKITE ("FundKite") commenced this action against Defendants AB CONVENIENCE CORP. D/B/A CONVENIENT FOOD PLUS MART/ GOURMET DELI ("AB Convenience"), and AFEEF NASSER JABR ALMUGANAHI ("Almuganahi") (collectively "Defendants") asserting claims of breach of agreement against AB Convenience and breach of guaranty of performance against Almuganahi. *See* Compl. Dkt. 1. Although the Court granted the Defendants' request for an extension of time to file a response to Plaintiff's Complaint, *see* Dkt. 4, a response was not filed and the Clerk entered default against the Defendants on November 8, 2021. *See* Dkt. 9. Plaintiff now moves for default judgment against the Defendants, jointly and severally, in the amount of $90,124.60 pursuant to Fed. R. Civ. P. 55(b)(1) and L.R. 55.2(a). Dkt. 12.  Defendants

have not responded to the motion. For the reasons that follow, the motion is granted.

## II.     DISCUSSION

Plaintiff has submitted an attorney declaration indicating that the Defendants are not infants or incompetent persons; the Defendants are not in the military service; the Defendants were properly served under Fed. R. Civ. P. 4 as reflected in the affidavits of service that were filed with the Court on November 8, 2021; the Defendants have defaulted in appearance in this action; and a Clerk's Entry of Default was entered in this case pursuant to Fed. R. Civ. P. 55(a) on November 9, 2021 due to the Defendants' failure to appear or otherwise defend this action. *See* Kaminski Decl., Dkt. 12; *see also* Dkt. 9.  Based upon this, and for the reasons discussed below, the Court will enter a default judgment against Defendants as indicated below.

### Liability

"[A] default is an admission of all well-pleaded facts against the defaulting party." *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 246 (2d Cir. 2004). According to the allegations in the Complaint, on or about July 12, 2021 FundKite and AB Convenience entered into a Revenue Purchase Agreement ("Agreement") under which FundKite purchased $79,200 in Receipts, as that term is defined in the Agreement, from AB Convenience.  Also, on or about July 12, 2021, Almuganahi executed a Guaranty of Performance of the Agreement under which he unconditionally guaranteed prompt and complete performance of Almunganahi's obligations under the Agreement. Pursuant to the Agreement, FundKite was to obtain the Receipts it purchased from AB Convenience by debiting via the Initial Estimated Delivery Amount, as that term is defined in the

Agreement, of Receipts each weekday from a bank account designated by AB Convenience into which the Receipts purchased by FundKite were to be deposited ("Designated Account").  AB Convenience was required to provide FundKite with unfettered access to the Designated Account for the purposes of debiting the Receipts it purchased and for performing any reconciliations provided for under the Agreement. FundKite paid the Disbursement Amount of $52,615.00 to AB Convenience on or about July 12, 2021 via wire transfer and thereafter began debiting the Specified Percentage of Receipts from the Designated Account in accordance with the terms of the Agreement.

Section 2.10 of the Agreement prohibits AB Convenience Corp. from entering into any arrangement, agreement or a loan that relates to or encumbers AB Convenience's Receipts or future revenue with any party other than FundKite.  On or about August 11, 2021, FundKite discovered that AB Convenience violated Section 2.10 of the Agreement by obtaining funding from Lendini on or about August 4, 2021.  Pursuant to Section 3.1 of the Agreement, violating any term or covenant in the Agreement is an Event of Default under the Agreement. On August 11, 2021, even though it was not required to do so, FundKite sent a letter to AB Convenience and Almuganahi advising them that an Event of Default had occurred under the Agreement due to the violation of Section 2.10 of the Agreement and providing them with an opportunity to cure the default.  FundKite received no response to the August 11, 2021 letter.  On or about August 17, 2021, FundKite received notice that its debits from the Designated Account had been intentionally blocked, which action prevented FundKite from obtaining the Receipts it purchased in the manner agreed to by FundKite and AB Convenience under the Agreement.

Under Section 3.1(j) of the Agreement, FundKite's inability to successfully debit the

3

Designated Account due to any "block" placed on its debits is an Event of Default under the Agreement. Plaintiff asserts that upon information and belief, as of August 17, 2021, AB Convenience continued to operate and generate Receipts.

Almuganahi expressly guaranteed in the Guaranty of Performance that AB Convenience would not enter into any arrangement, agreement or a loan that relates to or encumbers its Receipts or future revenue with any party other than FundKite, would remit receipts as required by the Agreement and that a stop payment or block would not be placed on FundKite's debits. As all of these events occurred, pursuant to the Guaranty of Performance, Almunganahi is responsible for the obligation to FundKite. To date, FundKite has not received $66,628.60 in Receipts that it purchased from AB Convenience.

Pursuant to Section 3.2 and Appendix A of the Agreement, upon the occurrence of an Event of Default under the Agreement, 100% of the uncollected Purchased Amount of Receipts become due and FundKite is entitled to a default fee equal to twenty five percent (25%) of the Receipts that have not been obtained by FundKite as of the date of the Event of Default, which fee equals $16,657.15. Pursuant to Appendix A, FundKite is also entitled to a $100 fee as a result of the block on FundKite's debits. Thus, there is currently $83,385.75 due to FundKite under the Agreement. Pursuant to Section 3.3 of the Agreement, FundKite is also entitled to recover all reasonable costs associated with the enforcement of its remedies under the Agreement, including but not limited to court costs and attorney's fees.

Based on these allegations, Defendants are jointly and severally liable on Plaintiff's claims of breach of agreement against AB Convenience and breach of guaranty of

performance against Almuganahi.

## Damages

Plaintiff seeks damages in the amount of $90,124.60 pursuant to Fed. R. Civ. P. 55(b)(1) and L.R. 55.2(a), which amount breaks down as follows:

| | |
|---|---|
| Principal: | $83,385.75 |
| Statutory Pre-Judgment Interest 9% per CPLR §5004 (August 18, 2021 to November 18, 2021) | $ 1,891.60 |
| Costs: | $ 402.00 (Filing Fee) $ 262.00 (Service Fees) |
| Attorney's Fees | $ 4,183.25 |

"Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded an opportunity to contest the amount claimed." *Cement Worker Dist. Council Welfare Fund v. Metro Found. Contrs., Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence based upon evidence presented at a hearing or upon review of detailed affidavits and documentary evidence." *Id.* No evidentiary hearing, or the further presentation of detailed affidavits and documentary evidence, is necessary to resolve the damage issues before the Court.

The principal amount sought is readily determinable by the uncontested allegations in the Complaint and by reference to the Agreement. Prejudgment interest is readily

5

determinable by operation of law. The filing fee is readily determinable by reference to the Court's public website. The sought after service fees are not unreasonable. The Court has reviewed Plaintiff's counsel's itemized billing records and finds the amount of time spent on this case, and the hourly fee sought, to be reasonable.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff AKF, Inc. d/b/a FundKite's Motion for Default Judgment, Dkt. 12, is **GRANTED**. Default judgment is hereby **ENTERED** in Plaintiff's favor and against Defendants, AB Convenience Corp. d/b/a Convenient Food Plus Mart/Gourmet Deli and Afeef Nasser Jabr Almuganahi, jointly and severally, in the amount of $90,124.60, as follows:

| | |
|---|---|
| Principal: | $83,385.75 |
| Statutory Pre-Judgment Interest 9% per CPLR §5004 (August 18, 2021 to November 18, 2021) | $ 1,891.60 |
| Costs: | $ 402.00 (Filing Fee) <br> $ 262.00 (Service Fees) |
| Attorney's Fees | $ 4,183.25 |
| Total | $90,124.60 |

**IT IS SO ORDERED.**

Dated: August 25, 2022

Thomas J. McAvoy
Senior, U.S. District Judge